COLLOTON, Circuit Judge,
dissenting.
The question presented on this appeal is whether Sun Life and Health Insurance Company reasonably interpreted the long term disability Plan under which James *744 Riley receives a monthly benefit. The Plan provides that in calculating a monthly benefit, the administrator should subtract “Other Income” that Riley is eligible to receive from other sources. “Other Income” includes “any amount of disability or retirement benefits under” the Social Security Act (“SSA”), the Railroad Retirement Act (“RRA”), or “[a]ny other similar act or law provided in any jurisdiction.” The parties dispute whether Sun Life abused its discretion when it concluded that the Veterans’ Benefits Act (‘VBA”), under which Riley receives a disability benefit, is a “similar act or law.”
“Similar” means “having characteristics in common.” Webster’s Third New International Dictionary 2120 (2002). The court cites differences between the VBA and the SSA and RRA, but largely ignores many similarities. All three acts “are (1) governmental or legislative plans providing for (2) periodic payment (3) to qualified individuals (4) who have suffered a physical disability (5) without regard to fault. In addition, all provide death benefits, have anti-assignment clauses, and are administered by independent agencies.” Barnett v. Aetna Life Ins. Co., 723 S.W.2d 663, 666 (Tex.1987). Contrary to the court’s blanket statement that VBA benefits are “considered obligatory compensation for injuries to service men and women during military duty,” ante, at 742, the VBA also provides for benefits based on non-service-connected disabilities suffered at any time by a “veteran of a period of war.” 38 U.S.C. § 1521. Those VBA benefits, like benefits under the SSA and RRA, are essentially based on employment. And because the Plan calls for comparison of the “act or law,” not a particular section on which benefits are based, application of the “Other Income” provision must be the same whether a claimant receives VBA benefits based on a service-connected or non-service-connected disability.
The Plan’s reference to “similar act or law” is ambiguous. See Barnett, 723 S.W.2d at 665. Under the terms of this Plan, the administrator has discretion to construe ambiguous terms. J.A. 136. Unlike a case arising under certain state laws applicable to insurance policies, where ambiguities must be construed against an insurer, e.g., Barnett, 723 S.W.2d at 665, the law of ERISA requires that we must uphold an administrator’s interpretation if it is reasonable. Conkright v. Frommert, — U.S. -, 130 S.Ct. 1640, 1646, 176 L.Ed.2d 469 (2010); Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). The administrator considered the principal authorities cited by Riley, Barnett and Williams v. Group Long Term Disability Insurance, No. 07-6022, 2008 WL 2788615, at *2-3 (N.D.Ill. July 17, 2008), both of which analyze the relevant federal legislation, before concluding that disability benefits under the VBA should be treated as “Other Income” under this Plan. Given that the VBA has a number of relevant characteristics in common with the SSA and RRA, it was not an abuse of discretion for the administrator to conclude that the VBA is a “similar act or law” under the Plan, and to offset Riley’s monthly disability benefit based on disability benefits received under the VBA. Cf. High v. E-Systems, Inc., 459 F.3d 573, 578-79 (5th Cir.2006) (holding that where ERISA plan defined “other income benefits” to include benefits payable under the SSA or “any other group disability plan,” administrator did not abuse its discretion in concluding that VBA benefits were “other income benefits”).
The court avoids this conclusion by answering a different question. The majority eschews the abuse-of-discretion standard of review that is dictated by Conkright and Firestone, and embraced by both parties. Appellant’s Br. 12; Ap *745 pellees’ Br. 13. The court instead reviews the administrator’s interpretation of the Plan de novo, on the premise that it is simply construing “existing law.” Ante, at 741. But the question presented here is not merely the meaning of a statute, as in Meyer v. Duluth Building Trades Welfare Fund, 299 F.3d 686, 689 (8th Cir.2002). The issue is whether the relevant acts, properly understood, are “similar” within the meaning of the Plan. Whether three different laws are “similar” involves a determination about the scope of an ambiguous term in the Plan.
Freed of the restraint demanded by abuse-of-discretion review, the court makes a reasonable case on de novo review that dissimilarities outweigh the similarities of the VBA to the SSA and RRA. Yet there is a reasonable case on the other side too. Applying the correct standard of review in the ERISA context, the administrator’s decision should not be disturbed. I would affirm the judgment of the district court.